## ANTHONY COLLINS *vs.* FRANK TAYLOR.

. Penobscot.  · Opinion September 11, 1906.

*Forcible Entry and Detainer.  A Building is Personal Estate, When.  Evidence.
Admissions.*

1.   When one builds a house upon the land of another, with the consent of
the land owner,  or the land owner subsequently assents to its remaining
there as the property of  the builder, in either event, the house is the
personal property of the builder.

2.   When one has erected a house upon the land of another, and has con-
veyed it to a third person, and when in a suit by such third person to
recover possession, the defendant claims to hold as tenant of the land
owner, admissions by the latter, as to title, are admissible ·against the
defendant.

On report.   Judgment for plaintiff.  ·

Action of forcible entry and detainer brought by the plaintiff
against the defendant to recover a certain dwelling house situated
in Old Town, and standing on land of  one Lucy A. Bachelder.
The writ was sued out of the Old Town Municipal Court, under
the date of May 21, 1901.   Plea, the general issue with a brief
statement alleging the title of the dwelling house, as well as the
land on which it stands, to be in the aforesaid Lucy A. Bachelder,
and under whom the defendant claimed to occupy by the consent
of his wife who was the tenant of the said Lucy A. Bachelder.

Tried at the January term, 1904, of the Supreme Judicial Court,
Penobscot County.   (The case does not show what disposition was
made of the matter in the Old Town Municipal Court, nor how the
Supreme Judicial Court obtained jurisdiction of the action.)   At the
conclusion of the testimony it was agreed that the case should be
reported to the Law Court "for determination on so much of the
evidence as is legally admissible."

The facts sufficiently appear in the opinion.

*J. F. Gould,* for plaintiff.

*Clarence Scott and P. H. Gillin,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

SAVAGE, J.　Action of forcible entry and detainer to recover a house standing on the land of a third party. In a brief statement pleaded under the general issue the defendant avers that the building, as well as the land on which it stands, is the estate and freehold of Lucy A. Bachelder, in whom is the sole title to the premises, and under whom the defendant claims a right to occupy, by the consent of his wife who is the tenant of Bachelder. The plaintiff claims title under a foreclosed chattel mortgage of the house, given by the defendant.

To the maintenance of the suit, the defendant's counsel, in argument, interposes one objection only, and that objection we will proceed to consider. It is, that the case fails to show affirmatively that the plaintiff has title to the house in question. It is not in controversy, as appears by the defendant's brief, that the defendant built the house on the Bachelder land. But it is claimed that it is not shown whether it was built under the license or permission of the owner of the land, or under a contract on the part of the defendant to purchase the land, and so became the personal property of the defendant, or whether it was built without any permission whatever, and so became a part of the real estate of Mrs. Bachelder. Hence it is contended that the plaintiff has failed to show that the defendant owned the house which he mortgaged, or that the plaintiff got any title under the mortgage.

The record before us is made up entirely of documentary evidence. The plaintiff introduced a chattel mortgage of the house, from the defendant to William M. Bean, dated November 9, 1891, together with the note which it secured. He then introduced a foreclosure of the mortgage, recorded July 18, 1893, and a bill of sale of the house from Bean to himself, dated May 15, 1901. He also introduced a writ of forcible entry and detainer, brought by Lucy A. Bachelder against the defendant May 23, 1894, to which further reference will be made. The defendant showed that judgment was rendered for Mrs. Bachelder in the foregoing suit, and that a writ of possession

was issued. Whether it was served or not does not appear. The defendant also introduced another writ of forcible entry and detainer between the same parties, dated July 13, 1897, a lease from Mrs. Bachelder to the defendant, dated August 1, 1897, and a lease from Mrs. Bachelder to the defendant's wife, dated April 1, 1901.

Passing any question of estoppel which might prevent the defendant from disputing the title which he mortgaged to Bean, we think the case discloses sufficient evidence to warrant a finding that the house when mortgaged was the personal property of the defendant, and, in the absence of countervailing proof, to require such a finding. In her first writ against the defendant, in 1894, Mrs. Bachelder described the land, the recovery of which she sought, as "land upon which said Taylor's dwelling house stands." It is admitted that the house named in the mortgage is the same house as was named in Mrs. Bachelder's writ. And in the same writ, Mrs. Bachelder averred that she had given Taylor thirty days notice "to terminate his estate in the premises." In her writ of July 13, 1897, Mrs. Bachelder, having first described the dwelling house in question, averred that she had given Taylor thirty days notice "to remove said building," "to terminate his estate in the premises."

The defendant claims solely under a tenancy subsequently created by Mrs. Bachelder, and that the land and buildings now belong to her. These admissions by her are admissible against him to show that at the dates of these writs she did not claim to be the owner of the dwelling house. Undisputed and unexplained, they afford persuasive proof that even as late as 1897, she understood that the building belonged to Taylor. From this the inference is reasonable that it had been built on her land by her consent, or remained there, as his personal property, by her subsequent assent. And it is immaterial which. *Fuller* v. *Tabor,* 39 Maine, 519. In either event the building was his property. And if the building was ever his property, there is nothing in the case to show that he ever parted with title except by his mortgage to Bean and the subsequent foreclosure. His title has come through Bean to the plaintiff.

It is true that Mrs. Bachelder in her 1897 suit recovered judgment against the defendant for the possession of the house, and

obtained a writ of possession.    But that does not concern this plaintiff, and did not concern Bean who then owned the house.    Bean was not a party to that suit, and his interest was not affected by the judgment.    Taylor did not own the house.    Bean did.    He had owned it absolutely from September 17, 1893, by a title of which Mrs. Bachelder had constructive, if not actual, notice.    Judgment against Taylor could not disturb Bean's title.    No more could the subsequent leases given by Mrs. Bachelder to the defendant or his wife.

*Judgment for plaintiff.*